# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * *
DENNIS PICKENS,               *
                              *      No. 17-187V
                              *      Special Master Christian J. Moran
           Petitioner,         *
v.                            *
                              *      Filed: September 20, 2019
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *      Finding of facts
           Respondent.         *
* * * * * * * * * * * * * * * * * * *

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner; Darryl R. Wishard, United States Dep't of Justice, Washington, D.C., for Respondent.

## UNPUBLISHED RULING FINDING FACTS[1]

In 2015, Mr. Pickens spent most of his time in Mexico, but received his medical care in the United States.  For example, in Chandler, Arizona on February 9, 2015, Mr. Pickens received a dose of the measles-mumps-rubella vaccine.  Exhibit 3 at 1; Tr. 19.  After a few intervening medical appointments, Mr. Pickens was hospitalized in Phoenix, Arizona on June 10, 2015.  At his discharge seven days later, his "working diagnosis" was chronic inflammatory demyelinating polyneuropathy.  Exhibit 14 at 6.

Due, in part, to inconsistencies in medical records created before, during, and after his hospitalization, the parties dispute when Mr. Pickens started

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website.  This posting will make the decision available to anyone with the internet.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions ordered by the special master will appear in the document posted on the website.

experiencing numbness and weakness. To receive oral testimony, a hearing was held on June 11, 2019. See Campbell v. Sec'y of Health & Human Servs., 69 Fed. Cl. 775, 779-80 (2006) (noting the efficacy of holding a hearing in cases where testimony and medical records conflict). The undersigned has considered all the evidence including the testimony from that hearing.

Pursuant to well-established standards for determining when events did or did not happen, see Sanchez v. Sec'y of Health & Human Servs., No. 11-685V, 2013 WL 1880825, at *2 (Fed. Cl. Spec. Mstr. Apr. 10, 2013), mot. for review denied, 142 Fed. Cl. 247, 251-52 (2019), appeal docketed, No. 2019-1753 (Fed. Cir. Apr. 9, 2019), the undersigned finds how the evidence preponderates. In setting forth the findings, the undersigned also cites to the primary evidence that is the basis for the finding. The undersigned recognizes that not all evidence is entirely consistent with these findings. See Doe 11 v. Sec'y of Health & Human Servs., 601 F.3d 1349, 1355 (Fed. Cir. 2010) (ruling that the special master's fact-finding was not arbitrary despite some contrary evidence). Indeed, it is the presence of inconsistent evidence that dictated a procedure to resolve factual disputes. The more persuasive evidence supports the following facts:

1. On April 7, 2015, Mr. Pickens started having mild numbness in his hips and buttocks.
    a. Exhibit 15 at 6 (on June 5, 2015, Mr. Pickens reported two months of hip pain);
    b. Exhibit 14 at 360 (on June 11, 2015, Mr. Pickens reported having pain in his hips and buttocks for two months);
    c. Exhibit 14 at 6 (the June 17, 2015 discharge report states Mr. Pickens had "progressive lower extremity weakness x 2 months"); Tr. 47.

2. The progression of numbness to weakness and pain was relatively slow. Similarly, the expansion of the problems from Mr. Pickens's hips and buttocks to his legs was also relatively slow.
    a. Tr. 30-33, 41;
    b. But see exhibit 7 at 10 (describing onset as "acute"); Tr. 59, 124.

3. On April 29, 2015, Mr. Pickens started to experience weakness (as distinct from numbness) in his lower extremities.
    a. Exhibit 5 at 8 (April 24, 2015 report from a podiatrist that showed a normal neurologic and orthopedic exam); Tr. 32, 91-95;
    b. Exhibit 12 at 1-4 (May 29, 2015 urgent care visit reporting that Mr. Pickens experienced bilateral hip and lower back pain radiating into his thighs with symptoms beginning "4 weeks ago"); Tr. 39-41;
    c. Exhibit 13 at 14, 17 (June 23, 2015 note from physical therapy indicating that the onset of the pain in both legs was April 23, 2015); but see Tr. 119-21 (testifying that he did not recall reporting the onset date as April 23, 2015);
    d. Exhibit 14 at 293 (June 11, 2015 report indicating that Mr. Pickens suffered from "[two-]month history of progressive bilateral leg weakness"); Tr. 51-52;
    e. Exhibit 7 at 8 (in a June 30, 2015 appointment, Mr. Pickens reported that he had "noticed that his legs were tired in early May"), but see Tr. 57-58 (characterizing this notation as inaccurate);
    f. Tr. 200 (testimony from Ms. Sinkeus that Mr. Pickens had leg weakness in "[l]ate April, early May approximately").

4. On May 10, 2015, the pain in Mr. Pickens's hips, buttocks, and legs increased in severity.
    a. Exhibit 14 at 381 (June 10, 2015 report of pain for five weeks); Tr. 113;
    b. Exhibit 14 at 20 (June 11, 2015 report that Mr. Pickens "began noticing bilateral hip and buttock [pain]" "[five] weeks ago");
    c. Exhibit 41 (calendar); Tr. 31;
    d. Exhibit 10 at 1 (June 3, 2015 report that Mr. Pickens's back pain worsened over the past 3-4 weeks); Tr. 43, 104-08.

The parties are directed to provide this ruling to any expert who has expressed an opinion in this case. The parties should investigate whether the experts' assertions about the onset of Mr. Pickens's condition are consistent with the factual findings made here.

A status conference will be held on **Tuesday, October 29, 2019 at 2:00 P.M. Eastern Time**.

Any questions regarding this order may be directed to my law clerk, Haley Hawkins, at (202) 357-6360.

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master