# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
DENNIS PICKENS,                      *
                                     *      No. 17-187V
                                     *      Special Master Christian J. Moran
                                     *
                    Petitioner,      *
v.                                   *
                                     *      Filed: September 20, 2019
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *      Attorneys' fees and costs, interim
                    Respondent.      *      award
* * * * * * * * * * * * * * * * * * * *
```

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner;
Darryl R. Wishard, United States Dep't of Justice, Washington, D.C., for
Respondent.

## UNPUBLISHED DECISION AWARDING
## ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

On February 8, 2017, Dennis Pickens ("Petitioner") filed a petition under the
National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10 through 34 (2012).
Petitioner claims that he suffered from chronic inflammatory demyelinating
polyneuropathy ("CIDP") after receiving a measles-mumps-rubella ("MMR")
vaccine on February 9, 2015.  Pet., filed Feb. 8, 2017, at 1.  Petitioner's counsel of
record is Mr. Andrew Downing.

On July 4, 2017, the Secretary argued that compensation was not appropriate
because petitioner's progression of symptoms better supported a diagnosis of

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and
Promotion of Electronic Government Services), requires that the Court post this decision on its
website.  This posting will make the decision available to anyone with the internet.  Pursuant to
Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical
information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions
ordered by the special master will appear in the document posted on the website.

Guillain-Barré syndrome than CIDP.  Resp't's Rep. at 11–12.  The Secretary also argued that, regardless of his diagnosis, none of petitioner's treating physicians attributed his condition to the MMR vaccine, petitioner did not offer an expert report in support of his claim, and, at 73 days post vaccination, the onset of petitioner's symptoms was outside the medically accepted period for CIDP.  Id. at 12–13.

To develop his case, petitioner filed an expert report from Dr. Robert J. Friedman, a specialist in neurology, pain medicine, and neuromuscular medicine. Exhibit 23.  In rebuttal, the Secretary filed an expert report from Dr. Peter D. Donofrio, a neurologist.  Exhibit A.

A fact hearing was held on June 11, 2019, when petitioner and three witnesses testified.  Following the hearing, petitioner filed additional medical records, which completed the evidentiary record on the issue of petitioner's neurological symptoms.  See Order, issued July 17, 2019.

On July 15, 2019, petitioner moved for an award of attorneys' fees and costs on an interim basis, requesting $53,371.00 in fees and $16,664.73 in costs, for a total of $70,035.73.  Pet'r's Mot. IAFC at 2, 4.  **For the reasons that follow, petitioner is awarded $56,238.28.**

\*       \*       \*

The requested fees include work performed and costs incurred through July 15, 2019.  Id., Exhibit A at 36.  Petitioner argues that an award of interim fees and costs is appropriate in this case because the proceedings have been ongoing for "nearly two-and-a-half years without reimbursement to [p]etitioner for time and expenses."  Pet'r's Mot. IAFC at 2.

The Secretary filed his response to petitioner's motion on July 17, 2019. Resp't's Resp.  The Secretary did not provide any objection to petitioner's request. Id. at 2.  Instead, he stated that he "defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award.  Id.  The Secretary noted, however, that he "is satisfied that the statutory and other legal requirements for an award of attorneys' fees and costs are met" in the instant case.  Id.

This matter is now ripe for adjudication.

\*    \*    \*

Petitioner's motion implicitly raises a series of sequential questions, each of which requires an affirmative answer to the previous question. First, whether petitioner is eligible under the Vaccine Act to receive an award of attorneys' fees and costs? Second, whether, as a matter of discretion, petitioner should be awarded his attorneys' fees and costs on an interim basis? Third, what is a reasonable amount of attorneys' fees and costs? These questions are addressed below.

## 1. Eligibility for an Award of Attorneys' Fees and Costs

As an initial matter, interim fee awards are available in Vaccine Act cases. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Since petitioner has not received compensation from the Program, he may be awarded "compensation to cover [his] reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1). As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs. Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard. Id.; Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at \*3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred. Turner v. Sec'y of Health & Human Servs., No. 99-544V, 2007 WL 4410030, at \* 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The Secretary has not challenged petitioner's good faith here, and there is little doubt that petitioner brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence. Simmons, 875 F.3d at 636. Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting

evidence.  See Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660 at *12–13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

Here, the report from the expert petitioner has retained, Dr. Friedman, together with testimony given by petitioner and three witnesses at the fact hearing, satisfy the reasonable basis standard.  See Pet'r's Exhibit 23.  In his ten-page report, Dr. Friedman summarized the pertinent medical facts, explained why petitioner's diagnosis of CIDP is more appropriate than GBS, and proposed a causation theory linking the MMR vaccine with petitioner's injury.  See id.  In addition, petitioner and his three witnesses gave extensive testimony on the hearing date.  See Tr. 11:12–167:4, 169:12–196:19, 198:2–213:7, 213:23–249:6.

## 2. Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right.  Avera, 515 F.3d at 1352 (Fed. Cir. 2008).  Instead, petitioners must demonstrate "undue hardship." Id.  The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained.  Id.

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding."  In the undersigned's practice, interim fees may be appropriate when the amount of attorneys' fees exceeds $30,000 and the case has been pending for more than 18 months.  Petitioner clears both hurdles.

## 3. Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs.  42 U.S.C. § 300aa-15(e)(1).  Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach.  Avera, 515 F.3d at 1347–48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  In light of the

Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A.    Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  See Blum, 465 U.S. at 895.  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Id. at 895, n.11.  A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate.  Avera, 515 F.3d at 1349.  If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall." Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), motion for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[2]

Petitioner requests attorneys' fees for work performed by counsel, Andrew Downing, an associate, Courtney Van Cott, and two paralegals.  Pet'r's Mot. IAFC, exhibit A at 40.  Petitioner requests that Mr. Downing be paid $350 per hour for work he performed in 2016, $375 per hour for 2017, and $385 per hour for 2018 and 2019.  Petitioner requests that Ms. Van Cott be paid $195 per hour for work she performed in 2016 and 2017 and $205 per hour for 2018 and 2019.

---

[2] The 2015–2016, 2017, 2018, and 2019 Fee Schedules can be accessed at: http://www. cofc.uscourts.gov/node/2914.  The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

Petitioner requests that the two paralegals be reimbursed $100 per hour for work they performed in 2016 and $135 per hour for 2017, 2018, and 2019.

The attorneys practicing at Van Cott & Talamante, located in Arizona, have repeatedly been found to be "in-forum" and therefore justified to the forum rates established in <u>McCulloch</u>, 2015 WL.  Mr. Downing and his associates' rates were recently analyzed by the undersigned in <u>Abbott v. Sec'y of Health & Human Servs.</u>, No. 14-907V, 2019 WL 1856435, at *3 (Fed. Cl. Spec. Mstr. Mar. 19, 2019).  The rates awarded in <u>Abbott</u> are marginally less than the rates requested here.  Although <u>Abbott</u> was issued three months prior to the submission of the present motion, petitioner is requesting a higher hourly rate without explaining the basis for the increase.  Accordingly, the undersigned will adopt the rates set in <u>Abbot</u> for 2015 through 2018.  <u>Abbott</u>, however, did not set rates for 2019.  For 2019, the undersigned finds the requested rates to be reasonable.  This results in a reduction of **$1,196.50**.

B.     <u>Reasonable Number of Hours</u>

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  <u>See</u> <u>Saxton</u>, 3 F.3d at 1521.  The Secretary did not challenge any of the requested hours as unreasonable.

Overall, the timesheets from Mr. Downing and his associates are sufficiently detailed that the activities can be assessed for reasonableness.  Although most of the timesheet entries are reasonable, counsel's paralegals billed time for filing documents in CM/ECF, sending faxes, and reviewing invoices.  <u>See</u> Pet'r's Mot. IAFC, Exhibit A at 7–20.  Filing documents, organizing exhibits, and processing records and court orders, however, are clerical tasks for which attorneys and paralegals should not charge.  <u>See</u> <u>Hoskins v. Sec'y of Health & Human Servs.</u>, No. 15-071V, 2017 WL 3379270, at *3, 6–7 (Fed. Cl. Spec. Mstr. July 12, 2017); <u>see also</u> <u>Floyd v. Sec'y of Health & Human Servs.</u>, No. 13-556V, 2017 WL 1344623, at *13–14 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) (noting that "some tasks performed by paralegals were clerical/secretarial in nature.  Examples include scheduling status conferences, organizing exhibits, preparing compact discs, revising a short motion after an attorney's review, and filing documents through the CM/ECF system"); <u>Silver v. Sec'y of Health & Human Servs.</u>, No. 16-1019V,

2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks"). The paralegals also billed time for perfunctory review of every document or simple docket entry, notably minute entries and non-pdf scheduling orders, filed in CM/ECF. Additionally, Mr. Downing billed time for clerical tasks, namely, drafting notices of filing, and arranging his hearing-related travel plans. This billing for clerical tasks merits a reduction of **$2,757.22**.

Moreover, unlike Mr. Downing, Ms. Van Cott appears to have billed her full rate for time spent traveling. See Pet'r's Mot. IAFC, Exhibit A at 36. It is well established that the Vaccine Program will only compensate attorneys for travel time at one-half of their typical rate absent some evidence that case-related work was being performed for part of that time. Dougherty v. Sec'y of Health & Human Servs., No. 15-1333V, 2019 WL 1301903, at *3 (Fed. Cl. Spec. Mstr. Mar. 6, 2019). Because Ms. Van Cott billed a total of 8.4 hours at $205.00 per hour on travel, this results in a reduction of **$2,790.00**.

Accordingly, taking into account the fee reductions described above, petitioner is awarded attorneys' fees in the amount of **$48,523.50**.

C.    Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Attorneys' costs include expert time incurred while working on a case. Fester v. Sec'y of Health & Human Servs., No. 10–243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). Reasonable expert fees are determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours. See Chevalier v. Sec'y of Health & Human Servs., No. 15-001V, 2017 WL 490426, at *3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017). Reasonable costs also include the costs of obtaining medical records and expenses incurred while traveling in relation to the claim. Reginelli v. Sec'y of Health & Human Servs., No. 14–972V, 2016 WL 1161309, at *3 (Fed. Cl. Spec. Mstr. Mar. 1, 2016).

Petitioner requests $16,664.73 in attorneys' costs.  Part of the costs incurred by petitioner is associated with acquiring medical records, paying the court filing fee, and ordering court transcripts, totaling $3,212.68.  See Pet'r's Mot. IAFC, Exhibit A at 37–39.  These costs are reasonable and will be awarded.

The rest of the costs consists of petitioner's and his attorneys' travel costs for the hearing, the expert fees from Dr. Friedman, and Dr. Daniel Esquivel Jacobo's fee to appear at the hearing.  A petitioner's request for reimbursement of costs must be reasonable.  Indeed, "[p]etitioners are not given a blank check to incur expenses . . ." Perreira, 27 Fed. Cl. at 34.  Moreover, providing documentation for a claimed cost does not necessarily make it reasonable.  See, e.g., Gabbard v. Sec'y of Health & Human Servs., No. 99-451V, 2009 WL 1456434, at *8–9 (Fed. Cl. Spec. Mstr. Apr. 30, 2009) (special master denied compensation for petitioner's purchase of clothing to attend a hearing, despite documentation).  Similarly, when petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding such costs.  See, e.g., Gardner-Cook v. Sec'y of Health & Human Servs., No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. Jun. 30, 2005).

Petitioner requests a total of $7,742.10 in travel costs.  These include airfare for petitioner and Mr. Downing to Washington, D.C. and Ms. Van Cott's mileage to Puerto Peñasco in Mexico for the hearing, as well as meals, lodging, and transportation.  See Pet'r's Mot. IAFC, Exhibit A at 37–39.  Although, the cost for Ms. Van Cott's travel to Mexico is reasonable, the cost invoiced for petitioner's and Mr. Downing's flights to and from Washington, D.C. is exceptionally high.  Review of the receipts submitted reveals that the elevated cost is due to the first-class seats purchased, priced at $1,978.61 each.  The Vaccine Program does not compensate for upgraded airline seats.  See, e.g., Davis v. Sec'y of Health & Human Servs., No. 16-774V, 2019 WL 2281748, at *2 (Fed. Cl. Spec. Mstr. Apr. 2, 2019) (citations omitted) (reducing first-class flight costs by 50 percent).  Accordingly, the amount awarded for petitioner's and Mr. Downing's airline tickets is reduced to $600.00 each, resulting in a reduction of **$5,430.95** to the attorneys' costs requested.

The undersigned also notes that petitioner's and Mr. Downing's costs for lodging at the Marriot Hotel are unjustifiably high.  Their two nights of lodging

8

totaled $2,361.78, or $590.44 per night.  See Pet'r's Mot. IAFC, Exhibit A at 69–70.  Petitioner has provided no explanation for such exorbitantly high lodging costs.  Past attorney's fees and costs decisions have recognized that there are many lodging options at various price ranges near the Office of Special Masters.  See, e.g., Van Vessem v. Sec'y of Health & Human Servs., No. 11-132V, 2018 WL 3989517, at *9 (Fed. Cl. Spec. Mstr. Jul. 3, 2018) (reducing hotel cost award to $399 per night); Reichert v. Sec'y of Health & Human Servs., No. 16-697V, 2018 WL 3989429, at *4 (Fed. Cl. Spec. Mstr. Jun. 20, 2018) (reducing hotel cost award to $420 per night); Salmins v. Sec'y of Health & Human Servs., No. 11-140V, 2016 WL 806175, at *4 (Fed. Cl. Spec. Mstr. Feb. 10, 2016) (reducing hotel cost award to $300 per night).  Accordingly, the lodging compensation is reduced to $400 per night, resulting in a reduction of  to the attorneys' costs requested.  The rest of the travel costs are reasonable and shall be awarded.

Lastly, petitioner requests $5,430.95 for Dr. Friedman's expert fees and $279.00 for Dr. Jacobo's fee to testify at the hearing.  See Pet'r's Mot. IAFC, Exhibit A at 38–39.  The undersigned finds that Dr. Jacobo's fee is reasonable and shall be awarded.

Dr. Friedman provided two invoices.  A review of both invoices is hindered by the fact that petitioner's counsel, or one of his associates, placed the check paid out on top of each invoice, thus obscuring most of the invoice detailing the work performed by Dr. Friedman.  Id. at 55, 57.  Accordingly, Dr. Friedman's fees are denied without prejudice.  Petitioner can resubmit these fees in his final fees motion with the invoices clearly indicating the time spent by Dr. Friedman on each task performed.

In sum, petitioner is awarded attorneys' costs in the amount of **$7,714.78**.

\*     \*     \*

Accordingly, petitioner is awarded:

**A lump sum of $56,238.28 in the form of a check made payable to petitioner and petitioner's attorney, Andrew Downing.**

This amount represents reimbursement of interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).