# In the United States Court of Federal Claims

No. 17-187V
(Filed: January 9, 2020)
(Refiled: January 27, 2020)[1]

_____

|  |  |
|---|---|
| **DENNIS PICKENS,** | ) |
|  | ) |
|  | ) |
| **Petitioner,** | ) |
|  | ) |
| **v.** | ) |
|  | ) |
| **SECRETARY OF THE DEPARTMENT** | ) |
| **OF HEALTH AND HUMAN** | ) |
| **SERVICES,** | ) |
|  | ) |
| **Respondent.** | ) |
|  | ) |

_____

## OPINION

Before the Court is Petitioner, Dennis Pickens' ("Pickens"), Motion for Review of the Special Master's Decision Awarding Attorneys' Fees and Costs on an Interim Basis, ECF No. 64. (Petitioner's Motion for Review, ECF No. 66, Petitioner's Memorandum of Objections in Support of Motion for Review ("MFR Memo"), ECF No. 67). For the reasons set forth below, the Court **DENIES** Pickens' Motion for Review and **AFFIRMS** the decision of the Special Master. Further, the Court expresses no opinion as to whether Pickens should be awarded attorneys' fees for pursuing the present motion, as this is a matter for the Special Master to decide in the first instance.

## I.    Background

On February 8, 2017, Pickens filed a petition for compensation under the Vaccine Act, claiming to suffer from chronic inflammatory demyelinating polyneuropathy ("CIDP") after receiving a measles-mumps-rubella ("MMR") vaccine on February 9, 2015. Thereafter, Pickens filed medical records, respondent, the Secretary of the Department of Health and Human Services ("the Secretary"), filed a Rule 4(c) report contesting Pickens' entitlement to compensation, and both parties filed expert reports.

On June 11, 2019, the Special Master held a fact hearing in Washington, D.C., where Pickens and his counsel, Mr. Downing, appeared in person. In addition, several other witnesses testified via video teleconference from Mexico. Mr. Downing's associate was present in Mexico

---

[1] Pursuant to Vaccine Rule 18(b), contained in Appendix B of the Rules of the United States Court of Federal Claims, the parties were afforded a period in which to redact any confidential, privileged, or private medical information from this opinion.  As no redactions were proposed, the Court reissues this opinion in its entirety.

and questioned the witnesses.

On June 15, 2019, Pickens filed a request for interim attorneys' fees and costs, seeking $70,035.73, including $53,317.00 in interim attorneys' fees and $16,664.73 in interim costs. (*See* Decision Awarding Attorneys' Fees and Costs ("IAFC Decision I") at 2, ECF No. 61). On July 16, 2019, the Secretary filed a response, deferring to the Special Master on whether interim fees and costs were appropriate under *Avera v. HHS*, 515 F.3d 1343 (Fed. Cir. 2008), and on the reasonableness of the requested fees and costs. (ECF No. 56).

On September 5, 2019, the Special Master granted Pickens' request for interim attorneys' fees and costs, but awarded a reduced amount totaling $56,159.28. (IAFC Decision I, ECF No. 61 at 2, 9). The Special Master determined that the petition was brought in good faith, that there was a reasonable basis for the claim, and that Pickens sufficiently demonstrated "undue hardship." The Special Master then considered the reasonableness of the requested amount, using the lodestar method, and determined that certain reductions were necessary.

The Special Master determined that a reduction of $4,847.50 for attorneys' fees was warranted because Mr. Downing charged higher hourly rates than he charged in other cases before the Office of Special Masters in years 2016, 2017 and 2018, Mr. Downing and his paralegals billed for certain clerical work, and Mr. Downing's associate billed her full rate for travel, rather than one-half the typical rate. (*Id.* at 5–7). The Special Master also determined that the costs for Mr. Downing's and Pickens' first-class airfare and stay at the JW Marriott were exorbitant, reducing the flight costs from $1,978.61 per ticket to $600 per ticket and hotel costs from $590.44 per night to $400 per night. (*Id.* at 8–9). The Special Master denied the $79 request for airport parking because the necessary receipts could not be located. (*Id.* at 8). Finally, the Special Master denied without prejudice Dr. Friedman's expert fees because checks had been photocopied over the relevant invoices rendering those invoices illegible. (*Id.* at 9). The Special Master explained that Pickens could resubmit these fees in the final fee request. (*Id.* at 9).

On September 6, 2019, Pickens filed a Motion for Reconsideration, challenging four areas of the Special Master's IAFC Decision I: (1) lodging costs; (2) Dr. Friedman's expert fees; (3) clerical work; and (4) airport parking. (*See* ECF No. 62). On September 20, 2019, the Special Master granted-in-part the Motion for Reconsideration and vacated the IAFC Decision I, noting that Vaccine Rule 10(e) directs special master to grant or deny such motions "in the interest of justice." (Order Granting Motion for Reconsideration In Part and Vacating Decision Issued September 6, 2019, ("Order Granting Motion for Reconsideration"), ECF No. 63). The Special Master determined that Pickens had, in fact, included the receipts for airport parking in the original fee request and that these costs should therefore be reimbursed. The Special Master denied the motion in all other respects.

With regard to lodging costs, the Special Master noted that a "request for fees must be complete when submitted" and that in the initial request for attorneys' fees and costs, Pickens did not present information about other hotels or information showing that the JW Marriott was the cheapest option at the time of the hearing. (Order Granting Mot. for Reconsideration at 1–2). The Special Master advised that "in future cases, the proffer of evidence in conjunction with the filing of a motion for attorneys' fees may produce a different outcome." (*Id.* at 2).

2

As for Dr. Friedman's invoices, the Special Master noted that Pickens' motion added legible copies of the invoices in question but nevertheless denied the motion for reconsideration. The Special Master explained "Petitioner was responsible for presenting a complete fee application" and that "Dr. Friedman's invoice was not denied entirely—just deferred." (*Id.*) The Special Master reasoned that "adjudicating the reasonableness of Dr. Friedman's work would otherwise delay adjudication of this motion [for reconsideration]," and "[r]ather than delay payment to petitioner to work on the request for Dr. Friedman, the undersigned will issue a decision on the less involved aspect of the fee application more quickly." (*Id.*)

Finally, the Special Master denied reconsideration of the reduction in fees for clerical work performed by Mr. Downing, noting that the "motion for reconsideration does not contest that paralegals billed for clerical activities," but instead claims that "Mr. Downing's work was not clerical at all." (*Id.*) The Special Master again reviewed the invoices and determined that Mr. Downing spent time arranging his travel and reviewing routine notices of filing. In addition, the Special Master concluded "Mr. Downing's work with the medical records seems ambiguous," and "[i]t is not entirely clear whether his work in reviewing the records was clerical or legal." (*Id.*). Accordingly, the Special Master maintained that "the reduction of 5.25 percent remains a reasonable, even if rough, estimate." (*Id.*)

On September 20, 2019, the Special Master issued an Unpublished Decision Awarding Attorneys' Fees and Costs on an Interim Basis. (("IAFC Decision II"), ECF No. 64). In this decision, the Special Master awarded a total of $56,238.28 in attorneys' fees and costs.

On October 2, 2019, Pickens filed the present Motion for Review. (ECF Nos. 66, 67). On November 1, 2019, the Secretary filed its Response. (Respondent's Memorandum in Response to Petitioner's Motion for Review ("Respondent's Resp."), ECF No. 71). On December 6, 2019, Pickens filed its Reply. (Petitioner's Reply in Support of Petitioner's Motion for Review Regarding Interim Attorneys' Fees and Costs ("Petitioner's Reply"), ECF No. 75).

## II.     Legal Authority and Standard of Review

Under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 ("the Vaccine Act"), *as amended*, attorneys' fees and costs may be awarded so long as the petitioner shows that the petition was brought in good faith and there was a reasonable basis for the claim. 42 U.S.C. § 300aa-15(e); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). In addition, attorneys' fees and costs may be awarded on an interim basis where a petitioner demonstrates "undue hardship." *See Avera*, 515 F.3d at 1352. Although there is no clear guidance on what constitutes "undue hardship," the Federal Circuit has explained that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id.*; *see also McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 300 (2011) ("The ruling in *Avera* nevertheless suggests that there is not a presumption of entitlement to interim fees.").

In making a fee request, "[t]he fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet 'the burden of establishing entitlement to an

award.'" *Fox v. Vice*, 563 U.S. 826, 838 (2011) (citation omitted); *Savin ex rel. Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 317 (2008) ("the request for fees must be complete when submitted."). Moreover, Special Masters have an independent duty to determine whether an award of interim fees is appropriate and may reduce an award *sua sponte*, "even if the opposing party has not lodged an objection in support of the reduction." *Dominguez v. Sec'y of Health & Human Servs.*, 136 Fed. Cl. 779, 784–85 (2018). Thus, Special Masters are afforded "wide discretion in determining the reasonableness of costs, as well as attorneys' fees." *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

This Court has jurisdiction to review the decisions of a Special Master in a Vaccine Act case. 42 U.S.C. § 300aa-12(e)(2). Pursuant to Vaccine Rule 13(b) of the Rules of the United States Court of Federal Claims, an award of attorneys' fees and costs is "a separate decision" subject to review by one of the judges of this Court. The standard of review in this Court depends on which aspect of the special master's decision is under scrutiny: "Fact findings are reviewed . . . under the arbitrary and capricious standard[,] legal questions under the 'not in accordance with law' standard[,] and discretionary rulings under the abuse of discretion standard." *Munn v. Sec'y of Health & Human Servs.*, 970 F.2d 863, 870 n.10 (Fed. Cir. 1992). "The special master's determination of reasonable attorneys' fees and costs in a Vaccine Case is a discretionary ruling that is entitled to deference from this Court." *Caves v. Sec'y of Health & Human Servs.*, 111 Fed. Cl. 774, 778–79 (2013) (citing *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993)). "An abuse of discretion exists 'when the trial court's decision is clearly unreasonable, arbitrary or fanciful, or is based on clearly erroneous findings of fact or erroneous conclusions of law.'" *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1293 (Fed. Cir. 2013) (quoting *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1382 (Fed. Cir. 2002) (internal citation omitted)).

## III.   Discussion

In its Motion for Review, Pickens challenges three aspects of the Special Master's IAFC Decision II as being arbitrary and capricious:[2] (1) reduction of lodging costs for Mr. Downing and his client's two-night stay at the JW Marriott; (2) deferral of an award for Dr. Friedman's expert fees; and (3) reduction of attorneys' fees for clerical work performed by Mr. Downing. The Court will address each in turn.

### A.   Lodging Costs

Pickens contends that the Special Master acted arbitrarily in awarding only $400 per night, rather than the requested $590.44 per night, for Pickens' and Mr. Downing's two-night stay at the JW Marriott. (MFR Memo at 4–5.) According to Pickens, since 2003, Mr. Downing has always stayed at the JW Marriott for Vaccine Act hearings and been reimbursed in full because it is "one of the lower priced options in close proximity to the Court." (*Id.* at 4). Pickens argues that it is a legal error to make a "rule" that hotels must be under $400, without providing notice of such "policy change." (*Id.*) Pickens acknowledges that documentation of comparable

---

[2] Although Pickens characterizes these alleged errors as arbitrary and capricious or simply "legal errors," the correct standard of review for discretionary rulings such as these is "abuse of discretion."

hotels showing that the JW Marriott was the cheapest option was not presented with the initial fee request but maintains that it was legal error for the Special Master to refuse to consider this information when presented in the motion for review. (*Id.*)

The Special Master's decision in this regard was not an abuse of discretion, arbitrary, capricious, or contrary to law. In both the IAFC Decisions, as well as in the Order Granting Motion for Reconsideration, the Special Master noted that costs may not be awarded if complete documentation substantiating those costs are not presented at the time of the request. (IAFC Decisions ECF Nos. 61 at 8, 64 at 8; Order Granting Mot. for Reconsideration at 1). Pickens acknowledges that no documentation regarding the hotel costs was provided with the initial request. (MFR Memo at 4, 5 n.1). Nevertheless, the Special Master awarded $400 per night for those costs and advised that "in future cases, the proffer of evidence in conjunction with the filing of a motion for attorneys' fees may produce a different outcome." (Order Granting Mot. for Reconsideration at 2). In short, the Special Master found that Pickens failed to carry its burden of substantiating the hotel costs, awarded an amount he considered reasonable, and advised Mr. Downing to provide proper documentation in the future. There is no error or abuse of discretion in this decision.

### B.  Dr. Friedman's Expert Fees

The Special Master denied, without prejudice, reimbursement of Dr. Friedman's expert fees because Pickens photocopied checks over the relevant invoices rendering those invoices illegible. The Special Master advised Pickens that these costs could be resubmitted in the final fee request. Pickens argues that it was arbitrary and capricious for the Special Master to defer an award of these costs due to "a simple clerical error." (MFR Memo at 9). According to Pickens, the Court should have alerted Mr. Downing to the issue and allowed him to resubmit the invoices properly before deciding the initial request. (*Id.*) Pickens is further disgruntled by the Special Master's denial of reconsideration as to these costs after Pickens provided "clean" copies of the invoices with the Motion for Reconsideration. (*See id.*)

Pickens' arguments in this regard are unpersuasive. Pickens was responsible for providing proper documentation with the interim request for attorneys' fees and costs and failed to do so. As the Special Master correctly observed, "[i]nterim awards should not be awarded as a matter of right." (IAFC Decision II at 4 (citing *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008)); *see also McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 297, 300 (2011). Rather than deny reimbursement for these costs altogether, the Special Master, in his discretion, deferred the request until the final fees motion. There is nothing clearly unreasonable, arbitrary or fanciful about this decision. *See Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1293 (Fed. Cir. 2013).

### C.  Clerical Work

The Special Master awarded reduced attorneys' fees because "Mr. Downing billed time for clerical tasks, namely, drafting notices of filing, and arranging his hearing-related travel plans." (IAFC Decision II at 7). Pickens argues this decision was arbitrary and capricious because these are tasks that could only be completed by an attorney or lead trial counsel in the

case. (MFR Memo at 10). According to Pickens, a Notice of Filing is a legal document that must be "drafted, or at a minimum approved, by a lawyer," and it would be unethical to require a paralegal to draft and file a legal document without Counsel's review and approval. (*Id.*) Pickens also claims that Mr. Downing was the "only one" who could coordinate the logistics for the videoconference from Mexico. (*Id.*)

The Special Master did not abuse his discretion in awarding reduced attorneys' fees for these tasks. While a notice of filing may indeed require a signature from the attorney of record, legal training is not required to notify the Court that a document is being filed. Further, the Special Master credited in full Mr. Downing's work coordinating the videoconference from Mexico. (*See* Order Granting Mot. for Reconsideration at 2 n.1). It is strange that Pickens would attempt to relitigate this point, rather than the reduction for Mr. Downing arranging his travel, which was specifically cited to in the Order Granting Motion for Reconsideration. (*See id.* at 2). Nonetheless, it appears Mr. Downing did bill for arranging his own travel. It was an appropriate exercise of discretion to reduce the award of attorneys' fees for these tasks.

Finally, Pickens challenges the Special Master's reduction for "updating medical records." (MFR Memo at 10). It should be noted that the IAFC Decision I contains the "updating medical records" language when listing Mr. Downing's clerical tasks but the IAFC Decision II does not. (*Compare* IAFC Decision I at 7, *with* IAFC Decision II at 7). However, in the Order Granting Motion for Reconsideration, the Special Master stated "Mr. Downing's work with the medical records seems ambiguous," explaining "[i]t is not entirely clear whether his work in reviewing the records was clerical or legal." (Order Granting Mot. for Reconsideration at 2). Regardless of whether the work was specifically named in the list of clerical tasks in the IAFC Decision II, the Special Master was clearly concerned with Mr. Downing's billing entries.

The Special Master's reduction for the ambiguous review of medical records was not an abuse of discretion. As explained above, a petitioner has the burden to prove the reasonableness of his fees and costs request when filed. *See Fox v. Vice*, 563 U.S. 826, 838 (2011). Early in this case, the Special Master issued guidance regarding attorneys' fees and costs, which listed vague billing entries as an area of concern. (*See* Order Regarding Attorneys' Fees and Costs, ECF No. 7). Nevertheless, Pickens submitted a request for attorneys' fees with an ambiguous description of Mr. Downing's work with the medical records. The Special Master was unable to determine whether Mr. Downing's work was clerical or legal and reduced the award accordingly. The Special Master did not err in so doing.

## IV.    Conclusion

For the reasons set forth above, the Court hereby **DENIES** Pickens' Motion for Review. Furthermore, the Court expresses no opinion on the Secretary's argument that Pickens should not be awarded legal fees for pursuing this Motion for Review, as that is a matter for the Special Master to decide in the first instance. The decision of the Special Master is **AFFIRMED**.

The parties are directed to file redactions to this opinion, if any, by no later than **Thursday, January 16, 2020**.

**IT IS SO ORDERED.**

s/     David A. Tapp
DAVID A. TAPP, Judge