# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
DENNIS PICKENS,                    *
                                   *      No. 17-187V
                  Petitioner,      *      Special Master Christian J. Moran
                                   *
v.                                 *      Filed: September 15, 2021
                                   *
SECRETARY OF HEALTH                *      Attorneys' Fees and Costs;
AND HUMAN SERVICES,                *      reasonable rate for expert
                                   *
                  Respondent.      *
* * * * * * * * * * * * * * * * * * ** *
```

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner;
Darryl R. Wishard, United States Dep't of Justice, Washington, DC, for
Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On February 19, 2021, petitioner Dennis Pickens moved for final attorneys'
fees and costs. He is awarded **$40,654.82.**

*       *       *

---

[1] Because this published decision contains a reasoned explanation for the action in this
case, the undersigned is required to post it on the United States Court of Federal Claims' website
in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal
Management and Promotion of Electronic Government Services). This posting means the
decision will be available to anyone with access to the internet. In accordance with Vaccine Rule
18(b), the parties have 14 days to identify and move to redact medical or other information, the
disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the
undersigned agrees that the identified material fits within this definition, the undersigned will
redact such material from public access.

On February 8, 2017, petitioner filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioner alleged that the measles-mumps-rubella vaccination he received on February 9, 2015, caused him to suffer subacute inflammatory demyelinating polyneuropathy. Petition at 1. A fact hearing on June 11, 2019. On September 20, 2019, the undersigned issued his findings of fact and conclusions of law. Thereafter, additional medical records and expert reports were filed by the parties and the issues of the case were briefed. On January 22, 2021, the undersigned issued his decision denying compensation. 2021 WL 615218 (Fed. Cl. Spec. Mstr. Jan. 22, 2021).

Concurrently, following the fact hearing petitioner filed a motion for interim attorneys' fees and costs on July 15, 2019, which was granted-in-part on September 5, 2019. The interim fees decision awarded most of the amount requested by petitioner but made reductions for the following reasons: 1) some of the hourly rates requested for counsel were higher than what they had previously been awarded in other Vaccine Program cases; 2) clerical tasks were billed and travel for counsel was not billed at half of the standard rate; 3) some of petitioner's travel costs were unreasonable; 4) petitioner had included an expert invoice which was partially illegible; 5) petitioner had failed to include a receipt for parking.

On September 6, 2019, petitioner filed a motion for reconsideration, which was granted-in-part with respect to the parking receipt and denied-in-part with respect to the remaining issues, and an updated fees decision was filed on September 20, 2019. 2019 WL 5260367 (Fed. Cl. Spec. Mstr. Sep. 20, 2019). Petitioner filed a motion for review on October 2, 2019. On January 9, 2020, the Court of Federal Claims denied petitioner's motion for review and judgment was entered in accordance with the September 20, 2019 interim fees decision. 2020 WL 414442 (Fed. Cl. 2020).

On September 19, 2021, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $39,636.50 and attorneys' costs of $5,737.07 for a total request of $45,373.57. Fees App. at 8.[2] Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs related to the prosecution of his case. Id. On February 23, 2021, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for

---

[2] As previously noted, petitioner was awarded interim attorneys' fees and costs in the amount of $56,238.28.

respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2.  Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner did not file a reply thereafter.

\*       \*       \*

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful, the matter required a fact hearing and a briefing of the legal issues and the undersigned finds that good faith and reasonable basis existed throughout the matter.  Respondent also has not challenged the reasonable basis of the claim. A final award of reasonable attorneys' fees and costs is therefore proper in this case. See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

A.      Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  <u>Avera</u>, 515 F.3d at 1349. There is, however, an exception (the so-called <u>Davis County</u> exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  <u>Id.</u> 1349 (citing <u>Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency</u>, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work during this period was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of his counsel at Van Cott & Talamante, PLLC: for Mr. Andrew Downing, $385.00 per hour for all work performed from 2019-2020; and for Ms. Courtney Van Cott, $205.00 per hour for work performed in 2019, and $275.00 per hour for work performed in 2020. The undersigned has previously found these rates to be reasonable for the work of Mr. Downing and Ms. Van Cott, and they are reasonable for work in the instant case as well. <u>Bourche v. Sec'y of Health & Human Servs.</u>, No. 15-232V, 2020 WL 6582180 (Fed. Cl. Spec. Mstr. Oct. 16, 2020).

B.      Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  <u>See Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed.  Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds most time billed to be reasonable.  The timesheet entries are sufficiently detailed such that the undersigned can assess their reasonableness. However, two issues necessitate a reduction.  First, paralegals duplicated work Ms. Van Cott already performed by reviewing routine court orders.  Similarly, paralegals charged for administrative tasks such as filing documents and reviewing and paying invoices. These issues have previously been noted concerning Van Cott & Talamante paralegals. Second Fees Decision, 2018 WL 7046894, at *3; <u>Sheridan v. Sec'y of Health & Human Servs.</u>, No. 17-669V, 2019 WL 948371, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); <u>Moran v. Sec'y of Health & Human Servs.</u>, No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019)  Given these previous decisions, Mr. Downing is advised that more significant reductions may follow if his firm does not change its billing practice.

The second issue concerns time expended on the motion for review of the undersigned's interim fees decision. The billing records indicate that 5.4 hours were expended between Mr. Downing and Ms. Van Cott on the drafting of the motion for reconsideration, and an additional 14.3 hours were billed drafting the motion for review. Upon review, these two documents are substantially similar, particularly in their substantive arguments.

For example, petitioner's motion for reconsideration is essentially seven pages long. Petitioner's motion for review is two pages and the accompanying memorandum in support is fifteen (excluding caption and signature blocks). Of those fifteen pages, the first three are the cover page and table of contents and authorities, the next three are substantially similar to the two-page motion (although slightly more robust) including a section on the standard of review, and the final nine pages are substantially similar (again with some minor additions) to the seven pages of the motion for reconsideration, with entire paragraphs copied and pasted from the first document to the second. These additions do not, in the undersigned's experience, amount to an additional 14.3 hours of attorney work to add to an existing filing.[3]  A reduction of hours when substantive portions of a motion appear copied and pasted from a previous filing is not unreasonable or an abuse of discretion. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729-730 (2011).

Upon review, the undersigned finds that a $3,500.00 reduction is reasonable to offset the noted issues. Accordingly, petitioner is awarded final attorneys' fees of $36,136.50.

C.    Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioner requests a total of $5,737.07 in costs. Most of this amount is for work performed by Dr. Robert Friedman. The remainder is comprised of acquisition of medical records, postage, and legal research charges, of which petitioner has provided adequate supporting documentation.

Dr. Friedman has billed a total of 9.75 hours at an hourly rate of $550.00 per hour. Petitioner argues this rate is reasonable because Dr. Friedman's "credentials

---

[3] For example, paralegals can create a table of citations and a table of authorities.

clearly warrant such a rate, and Dr. Friedman has been compensated at this rate in the Program in other cases." Fees App. at 4. However, the cases cited by petitioner as past examples of Dr. Friedman receiving compensation at $550.00 per hour do not contain any reasoned analysis of the hourly rate or even mention Dr. Friedman by name.  Thus, these cases hold little, if any, persuasive value.

Dr. Friedman's credentials are set out in his curriculum vitae.  Dr. Friedman is board certified in neurology, pain medicine, and neuromuscular medicine. Exhibit 46.  However, Dr. Friedman's curriculum vitae does not list any academic positions and he appears to have written only one article published in a peer-reviewed journal.  Dr. Friedman does not have any specialized knowledge in immunology, and this deficit contributed to not accepting opinions regarding the theory and the timing espoused in his expert reports as set forth in the decision denying compensation. 2021 WL 615281 at *7-8.

The undersigned has considered the necessary factors in determining a reasonable hourly rate for an expert witness in the Vaccine Program. See Abbott v. Sec'y of Health & Human Servs., No. 14-907V, 2020 WL 8766524 (Fed. Cl. Spec. Mstr. Dec. 4, 2020) (finding a board-certified neurologist with similar credentials warranted $400 per hour for work performed in 2015-2018). Based upon the foregoing and the quality of Dr. Friedman's work, the undersigned finds it reasonable to reimburse his time at $425.00 per hour. A reasonable amount for Dr. Friedman's work is therefore $4,212.20 (inclusive of the medical articles purchased by Dr. Friedman). Petitioner is therefore awarded final costs of $4,518.32.

D.    Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$40,654.82** (representing $36,136.50 in attorneys' fees and $4,518.32 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and his attorney, Mr. Andrew Downing.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED**.

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master